Smyth vs. Spalding.

13  529
42a  419

---

### ISAAC S. SMYTH vs. JOSIAH SPALDING.

If an agent makes a bill of exchange in his own name, or makes a contract in such shape as to bind himself on the face of the instrument, and not by his signature to bind his principal, he is individually bound, although his agency was known by the other party at the time of making it.

Smyth vs. Spalding.

## ERROR to St. Louis Court of Common Pleas.

KELLOGG, for plaintiff in error.

It is a general rule of law, that as between the immediate or original parties to a bill of exchange, the total or partial want or failure of consideration, or the illegality of consideration may be insisted upon as a defence or bar to an action.

It may be set up by the drawer against the payee, by the payee against his indorser, and by the acceptor against the drawer. Story on Bills, 2 edition, p. 217, ch. 6, sect. 187.

As between these parties it is a good defence, that the bill is a mere accomodation bill. Ib. p. 217 and note.

The law presumes, for the protection of commercial paper, a valuable consideration as between third parties to a bill or note taken in the regular course of business, *bona fide*—without notice—but between the original parties to the bill, this presumption may be rebutted. Ibid, p. 212, sect. 184.

The court below erred in refusing to permit the defendant to offer evidence in regard to the consideration of said bill, to explain the circumstances and manner in which said bill was drawn by him; that it was an accommodation bill, and no credit was given by the payees to the drawer, Smith. Although evidence offered may not of itself be sufficient to establish a defence, it should be admitted, if it establish a link in the chain of evidence. The weight of such evidence must be left to the jury, and cannot be decided by the court. Lane vs. Kingsberry, 11 Mo. R. 402.

As between the original parties, the drawer and payees in this case, it was competent for the drawer, Smyth, to show that he acted merely as clerk or agent for the acceptors, Johnson, Dryer & Trowbridge; that this was known at the time said bill was drawn and delivered to the payees, or that it was a general understanding that he was merely an agent, and not to be held responsible; and said Smyth is not bound to shew a special agreement to exonerate him, although the word agent was omitted by mistake on the bill. Miles vs. O'Hara, 1 S. & Rawle, 32, a case exactly in point.

The circumstances under which a bill is drawn, go to the consideration, which is a fact to be decided by the jury.

SPALDING, for defendant.

1. An agent, known to be such, if he makes the contract in such shape as to bind himself on the face of the instrument, and not by his signature to bind his principal, is bound individually. Story on Agency, section 269, 270, 271, 272, 273, 278, as to the general doctrines on the subject. Also same books, sections 155, 156, 157; also sections 151, 152, 153, 154; 5 Taunton, 749, Lefevre vs. Loyd, agent bound as drawer of Bell; 7 Tairn to same effect; 6 Adolph & Ellis, 486, Jones vs. Littledale. In this case, agents made sale of goods, and known to be agents and to sell as such. They made out the invoice *in their own names.* The goods not being delivered, suit was brought against them and judgment recovered. The court say, "There is no doubt that evidence is admissible on behalf of one of the contracting parties, that the other was agent only, though contracting in his own name, and so to fix the principal; but it is clear that if the agent contracts in such a form as to make himself personally liable he cannot afterwards, whether his principal was or was not known at the time of the contract, relieve himself from that responsibility."

7 Mass. 518, Hunt vs. Adams. A note was made, and payee agreed with maker at time she should not be called on, &c; Held that this evidence was inadmissible.

11 Mass. 54, Mayhew vs. Prince. Where agent drew bill on house of which his principal

Smyth vs. Spalding.

was partner, and in bill ordered contents to be placed to credit of his principal, he was holden personally liable. The court says, that ' It is a general principle that the signer of a contract, if he intends to prevent resort to him personally, should express in the contract the quality or capacity in which he acts." And that defendant choose to exercise his agency in such manner as to make himself individually responsible.

Cowan & Hill's notes, part 2d, p. 1460-1. That when a note has been made and delivered, it is not permitted to look for its terms out of it. They can be proved only by the instrument itself. It cannot be shown that by a cotemporaneous agreement, that the principle should not be called for so long as interest was paid; or that a different time was fixed for payment, or a different sum; nor that a time was agreed on, when no time for payment was specified in the note.

Ibid, p. 1467, that prior and cotemporaneous parol negotiotions and agreements are merged in the *written* contract, &c., giving the reasons.

RYLAND, Judge, delivered the opinion of the court.

This was an action of assumpsit brought by Spalding, the defendant in error in the St. Louis court of common pleas, against Isaac S. Smyth, on a bill of exchange drawn by said Smyth on Johnstone, Dryer & Trowbridge, for six hundred and sixty-three dollars and fifty cents, payable four months after date, to Whittemore & Cutter or order, which was endorsed by said Whittemore & Cutter to Josiah Spalding, (the plaintiff) or order. The bill of exchange was accepted by said Johnstone, Dryer & Trowbridge, but was afterwards protested for non-payment.

On the trial below, the defendant having plead the general issue, it was admitted that when the said bill of exchange which was given in evidence by the plaintiff below, was so given in evidence, the defendant below admitted due notice of the dishonor of said bill of exchange for non-payment; also admitted due acceptance by the drawees as well as presentment and protest for non-payment; also admitted the endorsement of said Whittemore and Cutter on said draft to the plaintiff.

The plaintiff then admitted that he was only acting in the suit for Whittemore and Cutter, and agreed that the defendant might set up any legal defence in this suit, as if the same was in the name of Whittemore & Cutter as plaintiffs.

Thereupon the defendant offered to prove, that the defendant at the time of the drawing of said bill of exchange was the clerk or agent of Johnstone, Dryer & Trowbridge, and was in no way interested in the goods purchased for said Johnstone, Dryer & Trowbridge, and for the payment of which said bill of exchange was given, and that Whittemore & Cutter, the payees in said draft, knew at the time of said agency, and gave credits to said Jonstone, Dryer and Trowbridge, and not to said de-

---

Riddle vs. Boyce.

---

fendant, and that the goods purchased were charged on said Whittemore & Cutter's books to Johnstone, Dryer & Trowbridge, and the account was balanced by said draft—which proof the court of common pleas rejected—the defendant excepted.

The jury found a verdict for the plaintiff; motion made by defendant below to set aside the verdict and grant him a new trial—overruled—excepted to—and the defendant below brings the case before this court by writ of error.

The only question before us is as to the propriety of the court's exclusion of the testimony on the part of the defendant.

The authorities cited by the counsel for the defendant in error, in our opinion, sustain and justify the action of the court below.

It would be allowing the maker of a written, plain and unambiguous contract materially to change and alter it by parol evidence. The drawer of this bill of exchange has made himself personally and individually liable by the manner of drawing and signing it, and we hold it better for the interests of commerce, and more compatible with the principles of the law regulating evidence to sustain and enforce his liability, than to suffer any parol proof to be given tending to explain it away or destroy it. He might have subscribed his name as agent or clerk at first; but he thought otherwise, and acted as an individual on his own responsibility. Let him therefore abide by it. We deem it not necessary again to cite the authorities. We refer to the argument of the counsel for defendant in error, and to the authorities cited to sustain his point. We are satisfied with the ruling of the court below; its judgment will be therefore affirmed.